PORTSMOUTH (SANFORD v.). See Case No. 12,315.

---

# Case No. 11,296.

## PORTSMOUTH SAV. BANK v. YELLOW HEAD.

[3 Biss. 474; 5 Chi. Leg. News, 374; 7 Am. Law Rev. 751.] [1]

Circuit Court, N. D. Illinois. Feb. 6, 1873.

MUNICIPAL BONDS—ESTOPPEL—RESCISSION OF AUTHORITY—RATIFICATION BY LEGISLATURE.

1. As against a bona fide holder of bonds bearing upon their face the recital that they were issued according to law, it is not a sufficient defense that certain conditions have not been complied with. The town is estopped by the recitals.

2. Nor is it a valid defense that after a meeting of the town electors at which a donation was authorized, but before it was formally accepted by the railroad company, the action of the first meeting was rescinded by the town.

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission. 7 Am. Law Rev. 751, contains only a partial report.]

3. It is competent for the legislature to ratify and confirm issues of bonds previously made, and, it seems, to authorize town authorities to issue bonds without a vote of the people.

Assumpsit on thirty-six coupons issued by the town of Yellow Head, Kankakee county, Illinois, to aid in the construction of the Chicago, Danville and Vincennes Railroad, a corporation organized under a special charter granted by the legislature of Illinois. 2 Priv. Laws 1865, p. 140. The declaration contained simply the common counts for money lent and advanced, goods sold and delivered, etc., but upon the back of the declaration was indorsed notice that the plaintiff's sole and only claim under the declaration would be made on thirty-six coupons or interest warrants, numbered from one to thirty-six, inclusive, of which the following is a copy: "Yellow Head Township. Railroad Bond. $50. No. (1 to 36.) Interest Warrant. On the first day of March, 1872, the township of Yellow Head, Kankakee county, state of Illinois, will pay to the bearer fifty dollars, at the Mechanics' National Bank of the City of Chicago, being one year's interest on bond, numbered as above." The bonds offered in evidence read as follows: "Know all men by these presents, that the township of Yellow Head, in the county of Kankakee and state of Illinois, acknowledges itself to owe and be indebted in the sum of five hundred dollars, lawful money of the United States of America, which sum of money the said township of Yellow Head promises to pay to the bearer, ——, at the office of the county treasurer of said county, on the first day of March, in the year one thousand eight hundred and ——, with interest thereon at the rate of ten per cent. per annum, which interest shall be payable yearly on the first day of March in each year, at the Mechanics' National Bank, in the city of Chicago, upon presentation and delivery of the warrants or coupons, severally hereto annexed, until the payment of the said principal sum. This bond is issued under and by virtue of a law of the state of Illinois entitled, 'An act to authorize cities and towns, or townships, lying within certain limits, to appropriate moneys and levy a tax to aid the construction of the Chicago, Danville and Vincennes Railroad,' approved March 7th, 1867. Also, under and by virtue of a law of said state entitled, 'An act to legalize certain aids heretofore voted and granted to aid in the construction of the Chicago, Danville and Vincennes Railroad,' approved February 26th, 1869, and in accordance with the vote of the electors of said township, at a special election held June 8th, 1868, in accordance with said act; and the faith of said township of Yellow Head is hereby pledged for the payment of said principal sum and interest as aforesaid."

Wilson, Perry & Sturges, for plaintiff.

Monroe, Bisbee & Gibbs, for defendant, cited the following authorities: Dill. Mun. Corp. p. 149, § 228; Pendleton Co. v. Cary, 13 Wall. [80 U. S.] 304; Marshall Co. v. Cook, 38 Ill. 44; Moran v. Commissioners of Miami Co., 2 Black [67 U. S.] 722; Starin v. Town of Genoa, 23 N. Y. 439; Knox Co. v. Aspinwall, 21 How. [62 U. S.] 539; Marsh v. Fulton Co., 10 Wall. [77 U. S.] 676; Aspinwall v. Commissioners of Jo Davies Co., 22 How. [63 U. S.] 364; Stoddard v. Gilman, 22 Vt. 568; Pond v. Negus, 3 Mass. 230; Stine v. Supervisors, 47 Ill. 256; Beckwith v. English, 51 Ill. 147; People v. Dutcher, 56 Ill. 144.

BLODGETT, District Judge. The defense interposed to a recovery on this bond is the want of compliance on the part of the town, with the conditions precedent, which authorize a town, county, or city, to issue bonds of this description. The statute of March 7, 1867 (2 Priv. Laws Ill. p. 842), of this state, referred to in the bond, provides in substance, that before any town on the line of said railroad shall issue bonds to aid in the construction thereof, the question of whether such aid shall be given, the amount, and the manner in which it shall be given, shall be submitted to the legal voters of the town, either at a regular or special election, of which due notice shall be given.

The evidence in this case shows that a meeting was duly called to be held in the town of Yellow Head on the 8th of June, 1868, for the purpose of voting upon the question of contributing the sum of eighteen thousand dollars to aid in the construction of the Chicago, Danville and Vincennes Railroad, and also in regard to donating the right of way for said railroad through said town.

The election was held in pursuance of this call, at which a large majority of the votes cast were in favor of the donation asked for, and also of donating the right of way. It also appears that subsequent to this meeting or election another town meeting was called and held on the 18th of July of the same year, and while the proceedings of this meeting seem to have been somewhat irregular, and the record does not show very definitely what the objects or intentions thereof were, the purpose evidently was to rescind, so far as they could be rescinded, the proceedings of the meeting of the 8th of June, and to vote a donation of twenty thousand dollars in lieu of the eighteen thousand dollars and the right of way voted on the 8th of June, and the result of the meeting was a rescinding of the vote of June 8th, and a donation of twenty thousand dollars without the right of way, and also limiting that donation to a certain time, and the establishment of a depot at a certain point.

On the 26th of February, 1869, the legislature of this state passed an act in regard

to the town aid for the railroad in question, the first section of which act is as follows: "Section 1. Be it enacted, etc., that the taxes, aids and appropriations heretofore voted by towns, townships, or cities, along the proposed route of the Chicago, Danville and Vincennes Railroad, or in the vicinity of said railroad, be, and the same are hereby legalized, ratified and confirmed, and the appropriation so made by the township of Yellow Head, in the county of Kankakee, on the 8th day of June, 1868, is hereby legalized and made valid; provided, said road shall run through said township of Yellow Head." 3 Priv. Laws Ill. p. 355.

The bonds were issued, duly signed by the supervisor and town clerk, and prior to the issue of the bonds the auditing board of the town audited the claim in favor of the Chicago, Danville and Vincennes Railroad for the sum of eighteen thousand dollars, and directed the issue of the bonds.

The evidence in the case also shows the fact that these bonds were put upon the market and bought by plaintiff for full value by the present owners. It also appears that said railroad was built through said town.

It is contended on the part of the defendant in this case that inasmuch as this donation had not been formally accepted by the railroad company at the time of the meeting of July 18th, it was in the power of the voters of the town to revoke the action of the 8th of June, and thereby invalidate the proceedings of the first meeting; that until the offer of these bonds had been formally accepted, or the railroad company had done something which showed that they accepted the offer of this assistance, the act was revocable.

It is urged with a great deal of force and ability on the part of the defendant's counsel, that this action of the 8th of June having been rescinded by the meeting of the 18th of July, the bonds were therefore issued without the performance of the preliminary conditions; that the case stands, so far as the records of the town are concerned, precisely as though the meeting of the 8th of June had not been held, and that, therefore, the bonds were issued without a compliance with the conditions precedent, which authorize a township to bind itself in this form.

Without going into a careful analysis of the numerous cases and authorities which have been cited, the law is abundantly settled, as it seems to me, that where the bonds of a municipal corporation have passed into circulation, and into the hands of bona fide holders for value, and such bonds bear upon their face the assertion that the pre-requisites have been complied with, the town is estopped from asserting or pleading a denial of the performance of such pre-requisites.

It seems to me this defense cannot be heard; that after these bonds have passed into circulation and have been sold in the market for value, the town cannot be permitted to question the truth of the assertion, solemnly made upon the face of the bonds, by the grantors who put them into circulation. The bonds show unequivocally that they are issued in conformity with the act of the legislature of March 7th, 1867, and of the act of February 26th, 1869, and of the township meeting of June 8th, 1868. So much as to the recital in the bond.

There is still another view to be taken of the question, which, I think, is not less cogent. The law of February 26th, 1869, provides that, "the appropriation so made" —that is, made to the Chicago, Danville and Vincennes Railroad—"by the township of Yellow Head, in the county of Kankakee, on the 8th day of June, 1868, is hereby legalized and made valid."

Now, it is competent for the legislature to delegate to these municipal corporations any powers which they see fit for the management of their local affairs. The legislature might authorize the town authorities of the town of Yellow Head to issue bonds in aid of any public enterprise without the vote of the people. Under the constitution in force at the time the act of February 26th, 1869, was passed, the legislature could authorize these municipal corporations to incur debt ad libitum, and issue bonds for their payment.

It is purely a question of power on the part of the town authorities, and if the legislature, by a special act, sees fit to waive the condition which applies generally and authorize the incurring of indebtedness for any special object, the power is complete.

Now, this language of the act of 1869 is very significant, and it seems to me it is tantamount to saying that no matter what the people of the town might have done afterwards, the legislature intends to authorize the town authorities to issue the bonds voted by the town meeting of the 8th of June, 1868. The law must have been so understood by the town authorities, and I think such is its true interpretation.

The view which I take of this case, of course, makes it unnecessary for me to go into any careful analysis of the cases cited. These bonds bear upon their face an assertion that the prerequisites, which would make them legal and binding, had been complied with; they were put in circulation, and as the court must presume, were negotiated on the faith of that statement. They must, therefore, be held valid.

The court finds the issues for the plaintiff, and assesses the damages at nineteen hundred dollars, being the amount of the coupons and interest at six per cent. since maturity.

NOTE. For a further discussion of the various questions arising on municipal bonds, consult Mygatt v. Green Bay [Case No. 9,998]; Luling v. City of Racine [Id. 8,603]; Schenck

v. Marshall Co. [Id. 12,449]; Goedgen v. Manitowoc Co. [Id. 5,501]; Nugent v. Putnam Co. [Id. 10,377]; and numerous authorities in those cases cited.